# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tony Nixon,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Veronica S. Mccqueen, *et al.*<br><br>　　　　　Defendants. | No. CV-15-00417-TUC-BGM<br><br>**ORDER** |

On September 14, 2015, Plaintiff Tony Nixon, filed a *pro se* Complaint (Doc. 1) alleging negligence, fraud, larceny, "thief," and legal malpractice. Plaintiff did not immediately pay the $350.00 civil action filing fee, but filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**I.　　APPLICATION TO PROCEED IN FORMA PAUPERIS**

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Plaintiff's statement, made under penalty of perjury, establishes that Plaintiff is unemployed, and he receives public assistance. The statement also indicates that Plaintiff has no assets. The Court finds Plaintiff is unable to pay the fees. The Application to

Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) will be granted.

**II.   STATUTORY SCREENING OF PLAINTIFF'S COMPLAINT**

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Where the pleader is *pro se*, however, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). "Rule 8(a)'s simplified pleading standard

- 2 -

applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 514, 122 S.Ct. at 998 (quoting *Hison v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)) (alterations in original); *see also Johnson, et al. v. City of Shelby, Mississippi*, — U.S. —, 135 S.Ct. 346, 346 (2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted").

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

### III. COMPLAINT

Plaintiff's Complaint alleges that he suffered various losses due to "forgery, fraud, thief, perjury, larceny, destroying a family whole way of life, falsifying document, and falsifying [sic] power of attorney for profit and money[.]" Compl. (Doc. 1) at 12–13.

Plaintiff seeks "five hundred million dollars" from each defendant as compensation for these alleged wrongs. *Id.* at 14.

## IV. FAILURE TO STATE A CLAIM

### A. *Insufficient Factual Basis*

Plaintiff's Complaint (Doc. 1) does not contain any facts beyond mere allegations that he suffered losses. Such "the-defendant-unlawfully-harmed-me" accusations are insufficient to state a claim under Rule 8, Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Further, Plaintiff's Complaint (Doc. 1) fails to provide sufficient detail to put defendants on notice as to the nature and basis of his claims. *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Accordingly, Plaintiff's Complaint (Doc. 1) will be dismissed with leave to amend.

### B. *Improper Defendants*

The Federal Tort Claims Act ("FTCA") provides the sole remedy for negligent or wrongful acts or omissions of any Government employee while acting within the scope of his office or employment. 28 U.S.C. §§ 1346, 2679; *Billings v. United States*, 57 F.3d 797, 799–800 (9th Cir. 1995). To the extent that Plaintiff is alleging claims against Government employees acting within the scope of their employment, these individuals are not proper defendants.

. . .

. . .

## V. LEAVE TO AMEND

Within 30 days, Plaintiff may submit an amended complaint. Plaintiff's amended complaint should clearly set out each claim Plaintiff is making, and naming all appropriate parties. Any amended complaint submitted by Plaintiff should be clearly designated as such on the face of the document.

An amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original Complaint is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Thus, grounds for relief alleged in the original Petition that are not alleged in an amended petition are waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## VI. WARNINGS

### *A. Address Changes*

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### *B. Copies*

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv. 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

*C.  Possible Dismissal*

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

Accordingly, IT IS HEREBY ORDERED that:

(1)  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is GRANTED;

(2)  Plaintiff's Complaint (Doc. 1) is DISMISSED WITH LEAVE TO AMEND. Plaintiff has **thirty (30) days** from the date of filing of this Order to file an amended petition in compliance with this Order.

(3)  If Plaintiff fails to file an amended complaint within thirty (30) days, the Clerk of Court must enter a judgment of dismissal of this action, without prejudice and without further notice to Plaintiff.

Dated this 23rd day of November, 2015.

Honorable Bruce G. Macdonald
United States Magistrate Judge